# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

|  |  |  |
|---|---|---|
| **IN RE: PIERRE A. RENOIR**, | ) ) ) ) ) ) ) ) ) | Case No. 7:22MC00014 |
| Petitioner. |  | **ORDER OF DISMISSAL** |
|  |  | BY JUDGE JAMES P. JONES |

Petitioner Pierre A. Renoir, a Virginia inmate proceeding pro se, has filed many civil actions in this court and in other courts. Before me now is Renoir's submission consisting of ten so-called notices of appeal in cases that have been closed for many years. After a review of court records, I will not require the clerk's office to accept or docket these notices in the cases listed and will, instead, dismiss them as futile and frivolous.

First, Renoir does not qualify to proceed with any of these appeals without prepayment of the filing fee. *See* 28 U.S.C. § 1915(g). Under the Prison Litigation Reform Act of 1995, all prisoner litigants suing government entities or officials must pay filing fees for a district court case or an appeal in full, either through prepayment or through installments withheld from the litigant's inmate trust account. 28 U.S.C. § 1915(b). Section 1915(g) denies the installment payment method to prisoners who have "three strikes" — those prisoners who have had three previous

cases or appeals dismissed as frivolous, malicious, or for failure to state a claim — unless the three-striker inmate shows "imminent danger of serious physical injury." § 1915(g).

Renoir has brought such actions or appeals on three or more prior occasions. *See, e.g., Renoir v. Governor of Virginia*, 755 F. Supp. 2d 82 (D. D.C. 2010) (dismissed under § 1915(g)); *Renoir v. Davidson*, No. 08-cv-333, 2008 WL 2944893, at *1 (E.D. Wisc. 2008) (noting accumulation of three "strikes"); *Renoir v. Brown*, No. 07CV00166, 2007 WL 1052477, at *1 (W.D. Va. 2007) ("Renoir has 'three strikes' under § 1915(g)."); *Renoir v. Ray*, No. 7:06CV00164, 2006 WL 840313 (W.D. Va. 2006) (dismissed under § 1915(g), with finding that allegations also did not state any actionable § 1983 claim); *Renoir v. Wilson*, No. 7:99CV00810 (W.D. Va. 1999) (dismissed as frivolous). Accordingly, Renoir may proceed in forma pauperis (without prepayment of court filing fees) only if he states facts showing that he faces imminent danger of serious physical injury. § 1915(g). He makes no such showing in any of the notices of appeals he has submitted to this court.

Furthermore, all of the notices of appeal Renoir has submitted are untimely filed by many years. *See* Fed. R. App. P. 4(a)(1) (requiring notice of appeal be filed within 30 days after entry of judgment or order appealed from). Renoir's submissions offer no argument or factual support on which his attempted appeals

could be deemed timely filed.  Moreover, merely to docket a notice of appeal in many of the listed cases would require staff to retrieve the paper case file from archives.  I find no justification for this expenditure of judicial resources for appeals that are clearly futile, based on the date of filing alone.

In addition, the appeals Renoir has attempted to file are futile for other reasons.  The cases Renoir cites from this court were closed because Renoir himself withdrew them or because of Renoir's well-established "three strikes" status under 28 U.S.C. § 1915(g).  Three of the cases that he seeks to appeal do not even exist in this court's records, as they were filed in some other district court.

For the stated reasons, it is **ORDERED** that Renoir's submission, received on August 1, 2022, including ten self-titled notices of appeal in various long-closed case numbers, is hereby **DISMISSED** as futile and to prevent a frivolous use of judicial resources.

Renoir is hereby advised that he may appeal this dismissal order to the court of appeals, and the Clerk shall send a copy of this Order to Renoir and to the court of appeals.

ENTER:  August 3, 2022

/s/  JAMES P. JONES  
Senior United States District Judge